[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} The juvenile, Calvin Lail (aka Calvin Finnerson), appeals from the order of the trial court adjudicating him delinquent based upon acts that would have constituted aggravated burglary, a violation of R.C. 2911.11, if committed by an adult. His three assignments of error challenge the weight and sufficiency of the evidence presented by the state. Specifically, Lail alleges that the state failed to prove that he had acted in complicity with three other youths who attacked the victim, William Charles, in his house. We disagree.
{¶ 3} A review of the record demonstrates that Lail was the only one of the youths who had been to the Charles house before. Further, Lail greeted William's mother, Sandra Charles, at the door and asked her to tell her son that "Little C is here to see him." When William walked down the stairs, Lail nodded affirmatively, and then one of the other youths entered the house and attacked William with brass knuckles. As the two fought, Sandra Charles saw the other youths, including Lail, throwing bricks and rocks at the house. Based upon this evidence, we hold that the trial court clearly had a sufficient basis to conclude that Lail had acted in complicity with the others, including William's primary assailant, and that the trial court neither lost its way nor committed a manifest miscarriage of justice in adjudicating Lail delinquent. SeeState v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.
{¶ 4} Accordingly, the judgment of the trial court is affirmed.
{¶ 5} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., GORMAN and WINKLER, JJ.